NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30042 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 6:20-cr-00006-SEH-1 |
| DANIEL WAYNE BAKER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 9, 2021**
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Following a conditional guilty plea to unlawful possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1), Daniel Wayne Baker appeals from a district court order denying his motion to suppress evidence. "We review [the] denial of a motion to suppress de novo, and the district court's factual findings for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

clear error." *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in concluding that Baker validly waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before speaking with Agent Solon and Detective McDuffie on January 21, 2020. "We review a district court's ruling on a *Miranda* waiver under two standards: Whether the waiver was knowing and intelligent is a question of fact that we review for clear error. Whether the waiver was voluntary is a mixed question of fact and law, which we review de novo." *United States v. Amano*, 229 F.3d 801, 803 (9th Cir. 2000).

Baker argues that the district court erred in finding that his waiver was knowing and intelligent because the district court mistakenly believed that the *Miranda* warnings were read aloud to Baker, as opposed to provided to Baker in writing. But the district court's relevant finding was that Baker's waiver of his *Miranda* rights was knowing and intelligent, and that finding is not clearly erroneous.

Baker was provided with *Miranda* warnings on a written form, which he reviewed before signing. "Although not dispositive, a written waiver of one's *Miranda* rights is strong evidence that the waiver is valid." *United States v. Bernard S.*, 795 F.2d 749, 753 n. 4 (9th Cir. 1986) (citation and internal quotation marks omitted). Baker admits that he "does not argue that his *Miranda* rights were

2

improperly administered." Nor does Baker explain why the waiver of his *Miranda* rights was not knowing or intelligent or why it was material whether the *Miranda* warnings were given in writing or orally. In these circumstances, the district court's potential misunderstanding of whether the *Miranda* warnings were read aloud or provided in writing does not provide a basis for relief.

2. Baker also argues that statements he made in his January 21, 2020 interview should be suppressed because his initial, un-*Mirandized* statements to officers on January 16, 2020 were involuntary. This argument fails because, although the district court found that Baker's statements on January 16 should have been suppressed under *Miranda*, the district court correctly found that the January 16 statements were voluntary, and, similarly, that Baker's post-*Miranda* warning statements were voluntary.

Baker's reliance on *United States v. Williams*, 435 F.3d 1148 (9th Cir. 2006), is thus misplaced. *Williams* explained that "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion with respect to the postwarning confession." *Id.* at 1152 (citation and internal quotation marks omitted). Here, Baker fails to point to any deliberately coercive or improper tactics by the parole officers.

Regardless, even if the statements Baker made on January 16, 2020 were considered involuntary, Baker has not demonstrated error because his January 21, 2020 statements were sufficiently attenuated from the January 16 confession. To determine if a subsequent confession is sufficiently attenuated from a prior one, "we consider (1) the temporal proximity between the statements; (2) the intervening circumstances; and (3) the purpose and flagrancy of the official misconduct." *United States v. Shi*, 525 F.3d 709, 727 (9th Cir. 2008). Here, there was a five-day period between the two confessions; Baker made his second confession to different law enforcement officers from different agencies; and there is no basis to conclude that any of the officers' questioning reflected flagrant misconduct. Thus, Baker fails to demonstrate that the district court erred in not suppressing the statements he made to officers on January 21, 2020.

**AFFIRMED.**